UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-353-JDB |
| | : | |
| NICHOLAS LANGUERAND | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

The United States of America hereby submits its reply in support of its motion for the entry of a protective order governing the production of discovery by the parties in the above-captioned case.

1. Defense counsel concedes that his only opposition to the proposed protective order is its requirement that Defendant be required to sign Attachment A, in which Defendant confirms his knowing and voluntary acceptance of the terms of the proposed order. Defense counsel's objections to Attachment A are unfounded.

2. Defense counsel claims that Attachment A is "unnecessary" because mechanisms already exist to enforce the terms of the protective order. While other enforcement mechanisms may exist, the goal is to avoid the need to resort to such mechanisms by making sure Defendant understands his obligations in the first instance. Defense counsel does not dispute that Attachment A would have the benefit of highlighting to Defendant the importance of following the protective order. Accordingly, in a case of this magnitude, Attachment A is appropriate and necessary.

3. Defense counsel also argues that Attachment A would "extract waivers of the right to counsel and attorney/client privilege" and that advising a client to sign Attachment A would

"probably" be a conflict of interest, would render defense counsel "ineffective," and cause a client relations problem. These overheated assertions will come as a surprise to the Office of the Federal Public Defender, which negotiated the proposed order with the U.S. Attorney's Office, and which has regularly been advising its clients to sign Attachment A. They will also come as a surprise to the numerous retained and appointed counsel who have done the same in dozens of Capitol Riots cases. They will also come as a surprise to the numerous courts in the District of Colombia which have entered the protective order with Attachment A.[1] Indeed, this Court has already entered protective orders with Attachment A in several other Capitol Riots cases. *See e.g.*, *United States v. Hazelton*, 21-CR-30 (Docket Entry 20, at 7); *United States v. Klein*, 21-CR-236 (Docket Entry 21, at 7); *United States v. Brock*, 21-CR-140 (Docket Entry 16, at 7). Defense counsel is free to disagree with all of these judges and attorneys, but the fact that so many experienced jurists and conscientious defense attorneys have agreed to Attachment A as part of the protective order demonstrates that, as discussed in the Government's initial brief, defense counsel's concerns are unfounded. Moreover, granting defense counsel's motion based on the false premise that agreeing to Attachment A constitutes legal malpractice would undermine the attorney/client relationships in those other cases and could provide fodder for other Capitol Riots defendants to raise meritless claims of ineffective assistance of counsel.

---

[1] *See, e.g., United States v. Black*, 21-CR-127 (J. Berman Jackson), *United States v. Jancart*, 21-CR-148v (J. Boasberg), *United States v. Fitzimons*, 21-CR-181 (J. Brown Jackson), *United States v. Egtvedt*, 21-CR-177 (J. Cooper), *United States v. Martin* (21-CR-201) (J. Friedrich), *United States v. Bromley*, 21-CR-250 (J. Friedman), *United States v. Hatley*, 21-CR-98 (J. Hogan), *United States v. Caldwell*, 21-CR-181 (J. Kollar-Kotelly), *United States v. Munchel*, 21-CR-118 (J. Lamberth), *United States v. Fellows*, 21-CR-83 (J. McFadden), *United States v. Wood*, 21-CR-223 (J. Mehta), *United States v. Miller*, 21-CR-119 (J. Nichols), *United States v. Wilson*, 21-mj-229 (M.J. Faruqui), *United States v. Adams*, 21-mj-291 (M.J. Harvey), *United States v. Hernandez*, 21-mj-73 (M.J. Meriweather).

4.      Finally, defense counsel's mocking declaration that he understands his ethical responsibilities and does not need the government's "help" misses the point. The government is not trying to "help" defense counsel and has no doubts about his knowledge of his ethical responsibilities. Those issues have nothing to do with the goal of preventing a situation in which defense counsel would be a necessary witness to establishing a knowing violation of the proposed order. As explained in the initial brief, Attachment A avoids that scenario, and for that reason is an important part of the proposed order.

WHEREFORE, and for the reasons set forth in its initial brief, the government requests that pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), the Court enter the proposed order.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793


By:     /s/ *Robert Juman*
        Robert Juman
        Assistant United States Attorney
        Bar No. NJ 033201993
        United States Attorney's Office, Detailee
        555 Fourth Street, N.W.
        Washington, DC 20530
        Phone: (786) 514-9990
        E-mail: Robert.juman@usdoj.gov