United States District Court for the District of Columbia

| | | |
|---|---|---|
| **United States of America** | \* | |
| v. | \* | No. 1:21-CR-00353-JDB-1 |
| **Nicholas Languerand** | \* | |

**Defendant's Motion for Revocation of Detention Order, Request for Hearing, Incorporated Memorandum of Law, and Factors for Release**

Table of Contents

Motion for Revocation of Detention Order and Request for Hearing ........................... 1

Incorporated Memorandum of Law ............................................................................. 2

Factors for Release ..................................................................................................... 11

Conclusion .................................................................................................................. 12

Points and Authorities ................................................................................................ 13

Certificate of Service .................................................................................................. 15

Appendix ................................................................................................................ App'x

**Motion for Revocation of Detention Order and Request for Hearing**

Defendant Nicholas Languerand moves for revocation of the Order of Detention Pending Trial entered on April 21, 2021. App'x. at 1; *see* 18 U.S.C. § 3145(b). He requests a hearing. Loc. Cr. R. 47(f). In support, he states:

1. At defendant's initial appearance on April 15, 2021, the government moved for detention. Doc. 5 in SCD No. 4:21-CR-00183-TER.

2. After a hearing on April 21, 2021, a Magistrate Judge ordered detention. App'x. at 1.

3. On March 26, 2021, the Court of Appeals decided *United States v.*

*Munchel*, 991 F. 3d 1273 (2021).

4. The Order of Detention Pending Trial does not identify an articulable threat posed by the defendant to an individual or the community. App'x. at 1; *compare Munchel* at 1282 – 1283.

5. A threat must be considered in context. *Id* at 1283; *see also United States v. Tortora*, 922 F.2d 880, 888 (1st Cir. 1990).

6. Whether a defendant poses a particular threat depends on the nature of the threat identified and the resources and capabilities of the defendant. *Munchel* at 1283; *cf. United States v. Nwokoro*, 651 F.3d 108, 110 – 11 (D.C. Cir. 2011).

7. Mr. Languerund believes that he should be released on a condition or a combination of them pursuant to subsection 3142(c).

8. A third party custodian has been proposed to Pretrial Services and the government.

9. The Court has already scheduled a status hearing for 2:00 p.m. on August 5, 2021.

## Memorandum of Law

Congress has provided for release of a defendant pending trial. 18 U.S.C. § 3142. The text of the statute requires a judicial officer to order pretrial release on personal recognizance, or upon execution of an unsecured appearance bond, subject to the condition that the person not commit a crime during release, and subject to

cooperation in the collection of a DNA sample, if authorized;[1] unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. 18 U.S.C § 3142(b).

Even if a judicial officer determines that release pursuant to subsection 3142(b) will not reasonably assure the appearance of the person, or that it will endanger the safety of any other person or the community, the text of the statute requires a judicial officer to order the pretrial release of the person:

> (A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a);[2] and
>
> (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person—
>
>> (i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;
>>
>> (ii) maintain employment, or, if unemployed, actively seek employment;
>>
>> (iii) maintain or commence an educational program;

---

[1] Title 42, United States Code, Section 14135a was editorially reclassified as Section 40702 of Title 34, Crime Control and Law Enforcement.

[2] Ibid.

    (iv) abide by specified restrictions on personal associations, place of abode, or travel;

    (v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;

    (vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;

    (vii) comply with a specified curfew;

    (viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;

    (ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

    (x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;

    (xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require;

    (xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;

    (xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and

    (xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

18 U.S.C § 3142(c). The text of the statute prohibits a judicial officer from imposing a financial condition that results in pretrial detention. 18 U.S.C § 3142(c)(1).

Only if after a hearing to determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of such person and the safety of any other person and the community, the judicial officer finds ***by clear and convincing evidence*** that no condition or combination of conditions will do so, is the judicial officer required to order detention of a person before trial. 18 U.S.C § 3142(e), (f).

At the hearing, the judicial officer shall consider the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C § 3142(g).

Historically, people believe that someone is innocent until proven otherwise, and that innocent people are not supposed to be punished. Congress too believes that. 18 U.S.C § 3142(j). The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. A defendant's

> traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. … Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning. *Stack v. Boyle,* 342 U.S. 1, 4 (1951).[3]

The words in the bail clause reflect inherent ambiguity, and the Court has struggled to interpret them. The bail clause came from the English Bill of Rights Act with slight changes. In England, that clause has never been thought to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases when it is proper to grant bail. When this clause was included in our Bill of Rights, nothing was said that indicated a different concept. *Carlson v. Landon,* 342 U.S. 524, 545 (1952). However, Justice Black said the Court had reduced the bail clause "below the level of a pious admonition" by saying that "the Amendment does no more than protect a right to bail which Congress can grant and which Congress can take away."

---

[3] The Court has also taken a narrower view of the presumption of innocence, which it described as "a doctrine that allocates the burden of proof in criminal trials," and denying that it has any "application to a determination of the rights of a pretrial detainee during confinement before his trial has even begun." *Bell v. Wolfish,* 441 U.S. 520, 533 (1979).

*Id.* at 556 (J. Black, dissenting).

Not much evidence exists about the intent of the people who drafted and ratified the Eighth Amendment. The record of debate regarding adoption of the excessive bail provision reflects only the comment of Mr. Livermore, who said: "The clause seems to express a great deal of humanity, on which account I have no objection to it; but as it seems to have no meaning in it, I do not think it necessary. What is meant by the terms excessive bail? Who are to be judges?"  1 Annals of Congress 754 (1789).

Also, English history reflects bail controversy.  The Statute of Westminster the First of 1275 and later statutes list offenses for which there may be bail and offenses for which there may not.  3 Edw. 1, ch. 12.  However, in *Darnel's Case*, judges permitted the imprisonment of persons without bail merely by order of the King.  3 How. St. Tr. 1 (1627).

This led Parliament to enact the Petition of Right in 1628.  3 Charles 1, ch. 1. The Petition cited *Magna Carta* as proscribing the kind of detention that was permitted in *Darnel's Case.*

Later, various technical subterfuges prevented the presentation of petitions for *habeas corpus.  Jenkes' Case*, 6 How. St. Tr. 1189, 36 Eng. Rep. 518 (1676). Parliament responded with the Habeas Corpus Act of 1679, which established procedures for effectuating release from imprisonment, and which provided penalties for judges who did not comply with the Act.  31 Charles 2, ch. 2.

Judges then set bail so high that it could not be met, and Parliament responded

by including in the Bill of Rights of 1689 the provision "[t]hat excessive bail ought not to be required." I W. & M. 2, ch. 2, clause 10.

This language was included in the Virginia Declaration of Rights. 7 F. Thorpe, *The Federal and State Constitutions*, H. R. Doc. No. 357, 59th Cong., 2d Sess. 3813 (1909). It was also in the Virginia recommendations for a federal bill of rights. 3 J. Elliot, The Debates in the Several State Conventions on the Adoption of the Constitution 658 (2d ed. 1836). James Madison introduced it verbatim in the House of Representatives. 1 Annals of Congress 438 (1789).

In the United States, the Constitution protects *habeas corpus*, but does not confer a right to bail. U.S. Const. art. 1, § 9. Ambiguity exists regarding whether the First Congress intended to curtail excessive bail without guaranteeing a right to bail, or whether Congress meant the phrase "excessive bail" to be a shorthand expression of both rights, when it proposed the Bill of Rights.

In 1789, Congress should have been aware of the distinction between language that conveyed a right to bail and language that only protected against one means by which a pre-existing right to bail might be abridged. Consider that the Massachusetts Body of Liberties of 1641 guaranteed bail to every accused person except those charged with a capital crime or contempt in open court. I Documents on Fundamental Human Rights 79, 82 (Z. Chafee, ed., 1951).

Several state constitutions copied it. 5 F. Thorpe, *The Federal and State Constitutions*, H. Doc. No. 357, 59th Congress, 2d Sess. 3061 (1909). So did the Northwest Ordinance in 1787. Art. II, 32 Journals of the Continental Congress 334

(1787). Also, the Judiciary Act of 1789, which Congress enacted contemporaneously with the Bill of Rights, contained the same guarantee. 1 Stat. 91 § 33 (1789).

In 1984, Congress authorized preventive detention in federal criminal proceedings. *See* 18 U.S.C. § 3142(d) and (e). The Supreme Court held that the preventive detention provisions in the Bail Reform Act of 1984 did not violate the Eighth Amendment. *United States v. Salerno,* 481 U.S. 739 (1988). Bail is not limited to preventing the defendant's flight prior to trial, nor is it limited to safeguarding the court's role in adjudicating guilt or innocence. *Ibid.* The Court rejected the idea that the Eighth Amendment categorically prohibits the government from pursuing other compelling interests through regulation of pretrial release. *Id.* at 753.

Instead, "[t]he only arguable substantive limitation of the Bail Clause is that the government's proposed conditions of release or detention not be excessive in light of the perceived evil." *Id.* at 754. Provided that after an adversary hearing the court finds that a person poses a risk to individuals or the community that no condition of release can dispel, detention of a person, charged with serious felonies prior to trial does not violate the Eighth Amendment. *Salerno* at 755.

Also, provided that the government's objective is legitimate, and there are procedural safeguards, specifically: i) that detention applies only to serious crimes, ii) that the arrestee is entitled to a prompt hearing, iii) that the length of detention is limited, and iv) that detainees must be housed apart from criminals; then detention of a person, charged with serious felonies prior to trial does not violate due process. *Ibid.*

9

Bail violates the Eighth Amendment when set higher than an amount reasonably calculated to ensure the asserted governmental interest. *Stack* at 4 – 6. If only to guarantee that the defendant will appear trial and submit to sentence, if convicted; then "bail must be set by a court at a sum designed to ensure that goal, and no more." *Salerno* at 754.

To challenge bail as excessive, a person must move for reduction. If that motion is denied, then appeal to the Court of Appeals, and, if necessary, to the Supreme Court Justice sitting for that circuit. *Stack* at 6 – 7. Although the Eighth Amendment does not appear to apply to postconviction release pending appeal, the practice appears to be to grant such releases. *Hudson v. Parker,* 156 U.S. 277 (1895).

"Since the function of bail is limited, the fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant." *Stack* at 5. Bail set at an amount higher than that necessary to ensure the presence of the defendant at trial is presumptively "excessive" under the Eighth Amendment. *Stack, supra.*

"The practical effect of excessive bail is the denial of bail." *Meechaicum v. Fountain,* 696 F.2d 790 at 791 (10th Cir. 1983). There is "no constitutional distinction between requiring excessive bail and denying bail altogether in the absence of legitimate reasons." *United States ex rel. Goodman v. Kehl,* 456 F.2d 863, 869 (2nd Cir. 1972); *see Carlson, supra* (dissenting opinion).

The due process clause (U.S. Const. amend. XIV) guarantees a clear liberty interest that cannot be abrogated "without the application of a reasonably clear legal

standard and the statement of a rational basis for the denial." *Atkins v. Michigan,* 644 F.2d 543, 549 (6th Cir.), *cert. denied,* 452 U.S. 964 (1981).

Inferring need for a high bail only from the fact of indictment is arbitrary. *Stack* at 6. For example, denying bail to a defendant who exercised his or her rights (U.S. Const. amend. V, VI) and refused to discuss the indictment with prosecutors is improper. *Noto v. United States,* 76 S. Ct. 255, 257 (1955).

### Factors for Release

Mr. Languerund presents this information for the Court's consideration of his request for release. 18 U.S.C. § 3142(g).

10. The government alleges violation of the United States Code. 18 U.S.C. §§ 231(a)(3), 111, 1752, and 40 U.S.C. § 5104(e).

11. Accordingly, no presumption of detention applies. 18 U.S.C. § 3142(e)(3).

12. Presently, no formal evidence has been offered.

13. The government has obtained an Indictment and proffered what investigators have seized, been told, and believe.

14. The Court's findings pursuant to subsection 3142 shall be supported by clear and convincing evidence. 18 U.S.C § 3142(f).

15. Inferring the need for detention only from the filing of a charging document would be arbitrary. *See Stack* at 6.

16. Mr. Languerund has family in South Carolina, where he had a job.

17. Considering that the Court has appointed counsel, pursuant to the Criminal Justice Act, it is fair to say that the Court has already found Mr. Languerund to be indigent. 18 U.S.C. § 3006A.

**Conclusion**

Clearly, Congress' has provided for release, the least restrictive combination of conditions, and to rely on penalties and sanctions for violation. 18 U.S.C. §§ 3142, 3146, 3147, 3148. In addition, the Constitution and precedent reflect the people's belief that someone is innocent until proven otherwise, punishment must not precede conviction, and that a person is entitled to the assistance of counsel for his or her defense. U.S. Const. amend. VI, VIII; *see Stack* at 4; *Gideon v. Wainwright*, 372 U.S. 335 (1963).

"The law requires reasonable assurance[,] but does not demand absolute certainty" that a defendant will comply with release conditions…." *Munchel*, Slip Op. at 17, *quoting United States v. Alston*, 420 F.2d 176, 178 (D.C. Cir. 1969).

Accordingly, Mr. Languerund proposes conditions of release that will reasonably assure his appearance and the safety of everyone, such as:

18. Remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the Court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;

19.    Maintain or actively seek employment;

20.    Abide by specified restrictions on personal associations, place of abode, or travel;

21.    Avoid all contact with an alleged victim of the crime and with a potential witness, who may testify concerning the offense;

22.    Report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;

23.    Comply with a specified curfew;

24.    Refrain from possessing a firearm, destructive device, or other dangerous weapon;

25.    Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner; and

Considering these facts, the government's proposed detention would violate the Constitution. U.S. Const. amend. VIII; *See Salerno* at 754.

## Points and Authorities

*Atkins v. Michigan,* 644 F.2d 543 (6th Cir. 1981).
*Bell v. Wolfish,* 441 U.S. 520 (1979).
*Carlson v. Landon,* 342 U.S. 524 (1952).
*Darnel's Case.*
*Jenkes' Case,* 6 How. St. Tr. 1189, 36 Eng. Rep. 518 (1676).
*Gideon v. Wainwright*, 372 U.S. 335 (1963).
*Hudson v. Parker,* 156 U.S. 277 (1895).
*Meechaicum v. Fountain,* 696 F.2d 790 (10th Cir. 1983).
*Noto v. United States,* 76 S. Ct. 255 (1955).

*Stack v. Boyle,* 342 U.S. 1 (1951).
*United States v. Alston,* 420 F.2d 176 (D.C. Cir. 1969).
*United States v. Munchel,* No. 21-3010 (D.C. Cir., Mar. 26, 2021).
*United States v. Nwokoro,* 651 F.3d 108 (D.C. Cir. 2011).
*United States v. Salerno,* 481 U.S. 739 (1988).
*United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990).
*United States ex rel. Goodman v. Kehl,* 456 F.2d 863 (2nd Cir. 1972).
U.S. Const. Art. 1, § 9.
U.S. Const. amend. V.
U.S. Const. amend. VI.
U.S. Const. amend. VIII.
U.S. Const. amend XIV.
1 Stat. 91 § 33 (1789).
18 U.S.C. § 3006A.
18 U.S.C. § 3142.
18 U.S.C. § 3145.
18 U.S.C. § 3146.
18 U.S.C. § 3147.
18 U.S.C. § 3148.
21 U.S.C. § 802.
42 U.S.C. 14135a.
Act. 31 Charles 2, ch. 2.
Bail Reform Act of 1984.
Bill of Rights of 1689.
Habeas Corpus Act of 1679.
Magna Carta.
Massachusetts Body of Liberties of 1641.
Northwest Ordinance in 1787.
Petition of Right, 3 Charles 1, ch. 1.
Virginia Declaration of Rights.
1 Annals of Congress 438 (1789).
1 Annals of Congress 754 (1789).
3 Charles 1, ch. 1.
31 Charles 2, ch. 2.
3 Edw. 1, ch. 12.
36 Eng. Rep. 518 (1676).
3 How. St. Tr. 1 (1627).
6 How. St. Tr. 1189.
32 Journals of the Continental Congress 334 (1787).
I W. & M. 2, ch. 2, clause 10.
J. Elliot, The Debates in the Several State Conventions on the Adoption of the Constitution 658 (2d ed. 1836).
F. Thorpe, *The Federal and State Constitutions*, (1909).

Loc. Cr. R. 47(f).

/s/ *William L. Welch, III*

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Nicholas Languerand
(Appointed by this Court)

**Certificate of Service**

I hereby certify that on this 2nd day of August 2021 a copy of the foregoing Motion for Revocation of Detention Order, Request for Hearing, Memorandum of Law, and Factors for Release were delivered electronically to Mr. Robert Craig Juman (robert.juman@usdoj.gov), Office of the United States Attorney, 500 East Broward Boulevard, Fort Lauderdale, Florida 33132.

/s/ *William L. Welch, III*

William L. Welch, III